IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID R. MENZ,<br><br>                Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>                Defendant. | 8:19CV169<br><br>ORDER |

       This matter is before the Court on Defendant's Motion to Exclude Expert Testimony of Dr. Justin Porter (Filing No. 23) and Plaintiff's Motion to Modify the Court's Final Progression Order (Filing No. 28). For the reasons explained below, Defendant's Motion to Exclude will be denied and Plaintiff's Motion to Modify the Court's Final Progression Order will be granted.

## BACKGROUND

       In this action, Plaintiff seeks to recover for injuries he purportedly sustained while employed by Defendant. Plaintiff plans to call his treating physicians, Dr. Matthew Diesselhorst ("Dr. Diesselhort") and Dr. Justin Porter ("Dr. Porter"), to testify at trial about injuries to his right shoulder and cervical spine.

       On June 10, 2019, the Court entered a Final Progression Order ("Progression Order") (Filing No. 11) setting out the deadlines for expert disclosures. Under the Progression Order, Plaintiff was to identify expert witnesses by December 23, 2019. The deadline for Plaintiff to serve expert disclosures and Defendant to identify experts was set as January 22, 2020.

       On December 20, 2019, Plaintiff identified Dr. Diesselhorst and Dr. Branson Kester as medical experts. (Filing No. 25-2.) On January 22, 2020, Plaintiff served his expert disclosures, again naming Dr. Diesselhorst and Dr. Kester as medical experts. (Filing No. 25-3.) Dr. Diesselhorst opined in his expert report, which accompanied Plaintiff's expert disclosures, that Plaintiff suffered a shoulder injury and recommended no further work restrictions. (Filing No. 25-6.) Dr. Diesselhorst also stated in his report that as to Plaintiff's cervical spine, it was unclear to him whether Plaintiff will need further evaluation. On January 22, 2020, Defendant served its expert disclosure, naming no retained experts. (Filing No. 25-7.)

On January 29, 2020, Plaintiff served a supplemental expert disclosure identifying Dr. Porter as a medical expert on the issues of causation and damages. (Filing No. 25-4.) On April 3, 2020, Plaintiff served Dr. Porter's report, in which Dr. Porter opined that Plaintiff's shoulder and neck injuries are causally related to the incident at issue, and that Plaintiff will incur significant annual medical expenses, plus a possible $50,000 surgery. (Filing No. 25-5.)

Defendant filed its Motion to Exclude the Expert Testimony of Dr. Porter on May 6, 2020. Plaintiff filed his Motion to Modify the Court's Final Progression Order on May 15, 2020.

**DISCUSSION**

Defendant requests that the Court exclude Dr. Porter's testimony pursuant to Federal Rule of Civil Procedure 37(c)(1) because Dr. Porter was identified as a medical expert after the December 23, 2019 deadline, and Dr. Porter's report was provided after the January 22, 2020 expert disclosure deadline, which were set in the Court's Final Progression Order. (Filing No. 11.)

Rule 37(c)(1) authorizes the Court to sanction a party for failing to provide information or identify a witness by preventing the party from using the "information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When fashioning a remedy, the district court should consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Hillesheim v. O.J.'s Cafe, Inc.*, 2018 WL 4190053, at *2 (D. Neb. Aug. 31, 2018) (quotation omitted). Additional factors to be considered include "the reason for the failure, importance of the witness's testimony, and the opposing party's need for time to prepare for the testimony." *Id*. "[T]he exclusion of evidence is a harsh penalty and should be used sparingly." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quotation omitted).

Defendant argues Dr. Porter's testimony should be excluded because there is no substantial justification for Plaintiff's late disclosure. Defendant contends Plaintiff could have timely disclosed an expert who could testify to causation because Plaintiff's neck pain developed before the deadlines. Defendant maintains Plaintiff's dislike of Dr. Diesselhorst's opinion does not provide substantial justification for Dr. Porter's late-disclosed opinion. Defendant argues the late disclosure is not harmless because its expert deadline passed long before Dr. Porter's report was served

and cross-examination at trial would be insufficient to overcome the prejudice caused by the late disclosure.

Plaintiff asserts there is substantial justification for the untimeliness of Dr. Porter's disclosure. Plaintiff claims he was not examined by Dr. Porter until December 23, 2019, after Dr. Diesselhorst referred Plaintiff to Dr. Porter for "new evaluation and treatment." ([Filing No. 25-5](#).)  At his first examination with Dr. Porter, Plaintiff complained of shoulder and neck pain and was treated with a steroid injection.  Plaintiff was examined by Dr. Porter again on January 15, 2020 and February 12, 2020, and at each visit treated with steroid injections.  At the February 12, 2020 visit, Dr. Porter also referred Plaintiff to another doctor for surgical evaluation.  Plaintiff contends Dr. Porter could not render his expert opinion until after he provided a regimen of treatment to see if Plaintiff's neck pain could be controlled.  As a result, Dr. Porter could not provide his expert report by the January 22, 2020 deadline.

The Court finds Plaintiff's late disclosure of Dr. Porter substantially justified and harmless. The late disclosure was attributable to the timing of Dr. Porter's involvement in Plaintiff's treatment. Plaintiff was referred to Dr. Porter by Dr. Diesselhorst for evaluation and treatment. Dr. Porter did not examine Plaintiff for the first time until December 23, 2019.  Dr. Porter thereafter examined and treated Plaintiff on two other occasions. Dr. Porter could not render an opinion upon which to base an expert report until he examined and treated Plaintiff for a period to determine whether there were treatment options that could control Plaintiff's pain.  Thus, Dr. Porter's late disclosure was not in bad faith or willful.  Precluding Dr. Porter from testifying at trial would be a severe sanction and is not warranted under the circumstances.

Moreover, to the extent Defendant was prejudiced through the late disclosure, this prejudice can be cured through reasonable changes to the Progression Order.  In his Motion to Modify, Plaintiff requests that the Court's Progression Order be modified to allow (1) Plaintiff to make disclosures specific to Dr. Porter as set out in his disclosures dated January 29, 2020 and April 3, 2020; (2) Defendant to identify medical experts and provide reports to address Dr. Porter's opinions; (3) Defendant to take Dr. Porter's deposition; and (4) Defendant to file a motion to exclude Dr. Porter's testimony.

Defendant maintains Plaintiff's proposed modifications do not afford Defendant sufficient relief from the prejudice of the late disclosure. Defendant requests that if the Court opts not to exclude Dr. Porter's testimony, Defendant, in addition to the measures proposed by Plaintiff, be allowed to conduct an independent medical examination ("IME") under Federal Rule of Civil Procedure 35 and depose Dr. Diesselhorst. Defendant additionally requests that the Court provide Defendant a reasonable amount of time to perform written discovery pertaining to Dr. Porter. Defendant further asks that the Court continue the remaining pretrial deadlines and trial date to allow enough time to accomplish the additional discovery, IME, and expert review. Plaintiff has agreed to each of Defendant's requests. Therefore, Plaintiff's Motion to Modify will be granted and, in addition to the changes requested by Plaintiff, Defendant's proposed modifications will be allowed.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Exclude Expert Testimony of Dr. Justin Porter (Filing No. 23) is denied.

2. Plaintiff's Motion to Modify the Court's Final Progression Order (Filing No. 28) is granted. The trial and pretrial conference are canceled. The remaining case progression deadlines are stayed. The parties shall confer and submit revised proposed progression deadlines to bazis@ned.uscourts.gov. by July 6, 2020.

Dated this 25th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge